# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ROY GARCIA, BAR NO. 2303.

No. 73315

## *ORDER DECLINING TO TAKE ACTION ON SCR 111 PETITION*

This is a petition under SCR 111 concerning attorney Roy Garcia, based on convictions for sale of a controlled substance, felonies in violation of NRS 453.321. Garcia did not self-report the convictions to the State Bar as required by SCR 111(2); instead, another lawyer brought the matter to the State Bar's attention almost three years after entry of the judgment of conviction and more than six months after a district court judge revoked Garcia's probation.

Because the convictions are for felony offenses, they are "serious" crimes as defined in SCR 111(6). As such, SCR 111(7) and (8) normally would require that we temporarily suspend Garcia and refer him to a disciplinary board for a hearing to determine the extent of the discipline to be imposed. Garcia, however, currently is prohibited from practicing law due to a transfer to disability inactive status under SCR 117 in 1994.[1] *In re Disability of Garcia*, Docket No. 25725 (Order of

---

[1]The State Bar's petition under SCR 111 indicates that Garcia has never petitioned for reinstatement to active status, and this court's records do not reflect any such petition or an order of this court reinstating Garcia

*continued on next page . . .*

17-22997

Transfer to Disability Inactive Status, June 22, 1994). Where, as here, "an attorney convicted of a crime is at that time prohibited from practicing due to a . . . transfer to disability inactive status under Rule 117," this court has authority to "enter an appropriate order directing how the conviction shall be addressed." SCR 111(11). Because Garcia currently is prohibited from practicing law and has been so prohibited for more than 20 years, it does not appear that a temporary suspension under SCR 111 would serve any purpose. And, because the offenses for which Garcia has been convicted appear to be relevant to the disability that led to his change in status under SCR 117, we conclude that the conviction is more appropriately addressed in connection with any petition for reinstatement to active status that Garcia may file under SCR 117(4) and does not separately warrant disciplinary action. For these reasons, we decline to take any action on the SCR 111 petition.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____

. . . *continued*
to active status. *See* SCR 117(4) (providing that attorney transferred to disability inactive status may petition for reinstatement to active status but "may not resume active status until reinstated by order of the supreme court").

[2]This is our final disposition of this matter.

cc: Chair, Southern Nevada Disciplinary Board
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Roy Garcia
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Garcia-Mendoza & Snavely, Chtd.